**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 06-30058-GPM |
| DAVID E. JENKINS, JR., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On June 22, 2006, Defendant David E. Jenkins pleaded guilty to the controlled substance offense charged in the indictment. He was sentenced on September 18, 2006, to 84 months imprisonment based on a sentencing calculation under the sentencing guidelines that included a Criminal History Category V. That calculation was based, in part, on a 2003 state court drug conviction, case no. 03-CF-497.

In January 2007, Defendant filed a *pro se* "jurisdictional claim," which the Clerk of Court construed as a motion to amend or correct judgment (Doc. 31). He asks the Court to modify or correct his sentence in light of the Supreme Court's ruling in *Gonzales v. Lopez*, 549 U.S. 1 (2006), because "at the time of conviction [in case no. 03-CF-497] only 3 grams were present;" therefore, he argues, "the state case used in determining his sentence was insufficient to impose such a sentence."

Per the Court's direction, the Government responded to Defendant's *pro se* motion. With respect to the merits of the motion, the Government argues that *Lopez* has no bearing on the

circumstances of this case – specifically, where the state conviction was simply used to calculated Defendant's criminal history.

"A post-judgment motion needs a source of authority for the judge to act," "for once a criminal case ends in a sentence the judge's power lapses." *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). As noted by the Government, Defendant actually appears to be seeking relief under 28 U.S.C. § 2255. The Seventh Circuit Court of Appeals has repeatedly held that a postconviction motion that is functionally a § 2255 motion should be treated as such, regardless of how it is labeled. *See, e.g., Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002). It also is clear that the district court must warn a defendant before treating the postconviction motion as such to allow him an opportunity to withdraw it because, with limited exceptions, the Antiterrorism and Effective Death Penalty Act, which governs collateral attacks on criminal judgments, gives a prisoner only one chance at postconviction review. *Id*.

Accordingly, Defendant is allowed until **March 10, 2008**, to withdraw his motion. If he does not do so, the motion, which is substantively within the scope of § 2255, will be treated as such. Notably, should Defendant decide to proceed with his motion, he will be confronted with the waiver provision contained in his plea agreement, which provides, in relevant part: Defendant "knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28" (Doc. 20, pp. 11-12 at ¶ 2).

**IT IS SO ORDERED.**

DATED: 02/19/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge